UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
IVAN L. CHERRY,                               :
                                              :
                              Plaintiff,      :
                                              :       **REPORT AND**
            -against-                         :       **RECOMMENDATION**
                                              :
NYC HOUSING AUTHORITY and                     :       15-CV-6949 (MKB) (PK)
MARIE BAZELAIS,                               :
                                              :
                              Defendants.     :
-------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

## BACKGROUND

Ivan L. Cherry ("Plaintiff"), proceeding *pro se*, brought this action on December 3, 2015, and filed an Amended Complaint on March 3, 2016, against Defendants New York City Housing Authority ("NYCHA"), Bob Agbai ("Agbai"), Fatima Turner ("Turner"), and Marie Bazelais ("Bazelais"). ("Compl.," Dkt. 1; "Am. Compl.," Dkt. 14.)  In the Amended Complaint, Plaintiff asserted claims of discrimination, retaliation, and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 42 U.S.C. § 12101 *et seq.* (the "ADEA")[1], the New York State Human Rights Law, NY. Exec. Law § 290 *et seq.* (the "NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* (the "NYCHRL").  He also alleges that he was deprived of his Fourteenth Amendment due process rights in violation of 42 U.S.C. § 1983.  (Am. Compl. at 3.)[2]

---

[1] Plaintiff did not explicitly assert an ADEA claim, but the Court construed the Amended Complaint to seek relief under the ADEA because it includes allegations of age discrimination that are not actionable under Title VII. (*See* Memorandum & Order Granting in Part and Denying in Part Motion to Dismiss ("Mem. & Order on Motion to Dismiss") at 1 n.1, Dkt. 33.)

[2] Because the Amended Complaint does not consistently use numbered paragraphs and is not consecutively paginated, all references are to ECF pagination.

1

Plaintiff's claims are based on his allegations that while employed by NYCHA as a Secretary Level III from October 25, 2010 to September 26, 2014, and as the only black, male secretary in his hiring pool, he was subjected to discrimination, retaliation, and a hostile work environment on the basis of race, national origin, gender, sexual orientation, and disability. (Am. Compl. at 6-7, 11.)[3] He also alleged that after filing a charge with the Equal Employment Opportunity Commission, Bazelais, Turner, and other NYCHA employees falsely accused him of violence and sexual harassment, leading to disciplinary charges and, ultimately, Plaintiff's termination. (Am. Compl. at 6-8.)

On September 29, 2017, the Court dismissed all claims against Turner and Agbai, the Title VII claim against Bazelais, and the ADEA and due process claims against all defendants. (Mem. & Order on Motion to Dismiss at 60.) The remaining defendants, NYCHA and Bazelais (collectively, "Defendants"), filed their Answer on December 11, 2017. (Dkt. 39.)

The Court originally scheduled a settlement conference (Order dated Dec. 12, 2017), but Plaintiff requested that the matter be referred to Court-annexed mediation instead, because he was eligible to participate in the Court-Annexed Mediation Advocacy Program, through which mediation would be made available to him without charge and the Court would attempt to find a volunteer attorney to represent him at the mediation. (Plaintiff's Request for Mediation, Dkt. 41.) Plaintiff's request was granted. (*See* Order Referring Case to Mediation dated Dec. 20, 2017.) Pro bono counsel Marcia Adelson entered a limited appearance for the purpose of representing Plaintiff in mediation. (Notice of Limited Appearance for the Purpose of Mediation, Dkt. 42.) On March 14, 2018, the parties attempted to resolve the matter in mediation, but were not successful. (Letter dated Mar. 16, 2018, Dkt. 44.)

---

[3] Although the sexual orientation and disability discrimination claims were not pled in the Amended Complaint, the Court permitted those claims to proceed after Plaintiff filed a supplemental affidavit. (Mem. & Order on Motion to Dismiss at 60; *see* Plaintiff's Affidavit in Support of Sexual Orientation & Disability Discrimination Claims ("Pl.'s Aff.") ¶ 7, Dkt. 36.)

On April 27, 2018, the Court held an initial scheduling conference, at which Plaintiff was informed of his discovery obligations as a *pro se* plaintiff and encouraged to continue seeking assistance from the Federal Pro Se Legal Assistance Project, available in the Courthouse. (Minute Entry dated Apr. 27, 2018.)

Plaintiff then participated in discovery, including by conducting several depositions, for which the Clerk of Court provided rooms at the Courthouse, and Court staff was sometimes present at Plaintiff's request. (Order dated Nov. 6, 2018, Dkt. 58; Amended Order Renewing Deposition Dates, Dkt. 68.) The parties certified the close of fact discovery on March 28, 2019. (Joint Letter, Dkt. 80.)

On May 29, 2019, the parties participated in a settlement conference with the undersigned, but were unable to reach an agreement. (Minute Entry dated May 29, 2019.)

On November 14, 2019, Defendants filed a Motion for Summary Judgment, which Plaintiff opposed. (*See* Motion for Summary Judgment, Dkt. 86; Pl. Opp. to Motion for Summary Judgment, Dkt. 95.) On September 30, 2021, the Court issued a Memorandum and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. ("Summary Judgment Order," Dkt. 99.) A copy of the Summary Judgment Order was mailed to Plaintiff at the address he provided in the Complaint as his residence. (*See* Compl. at 18.)

On October 12, 2021, Plaintiff called the undersigned's chambers, stated that he had received a copy of the Summary Judgment Order, and asked what he should do next. Plaintiff was informed that the Court could not provide legal advice.

The next day, the undersigned entered an order scheduling a status conference by telephone for October 29, 2021 ("Oct. 13 Scheduling Order"). A copy of the Oct. 13 Scheduling Order was mailed to Plaintiff at his home address.

On October 26, 2021, Defendants filed a letter motion requesting that the conference be adjourned. (First Motion to Adjourn Conference, Dkt. 100.) As grounds for the request, counsel for

3

Defendants stated that she needed time to review the file as newly assigned counsel, and that she was unable to reach Defendant Bazelais and had "reason to believe she is deceased." (*Id.*) Counsel stated that she had conferred with Plaintiff and he consented to adjournment of the conference. (*Id.*) The Court granted the request and rescheduled the conference to January 21, 2022. (Order dated Oct. 26, 2021 ("Oct. 26 Rescheduling Order").) Defendants emailed the Court's rescheduling order to Plaintiff on October 26, 2021. (Dkt. 101.) On October 27, 2021, the Court also mailed a copy of the order to Plaintiff at his home address.

A status conference was held by telephone on January 21, 2022. Plaintiff did not appear. (Minute Entry and Order dated Jan. 21, 2022 ("Jan. 21 Order").) During the conference, Defendants' counsel called two telephone numbers provided by Plaintiff. (*Id.*) One of the numbers was not in service, and Defendants' counsel left a voicemail on the other. (*Id.*) Defendants' counsel stated that she had attempted to contact Plaintiff to discuss a possible settlement but had received no response. (*Id.*) Defendants' counsel also confirmed that Defendant Bazelais had died. (*Id.*)

The Court entered an order directing Plaintiff to confer with Defendants' counsel prior to the next status conference, scheduled for March 3, 2022 by telephone, and to appear for all Court conferences. (*Id.*) The Court warned Plaintiff that failure to appear at Court conferences "may result in this case being dismissed for failure to prosecute." (*Id.*) On January 24, 2022, the Court mailed a copy of the Jan. 21 Order to Plaintiff at his home address.

Plaintiff did not appear at the status conference on March 3, 2022. (Minute Order dated Mar. 4, 2022 ("Show Cause Order").) Defendants' counsel stated that she emailed Plaintiff on or about February 21, 2022 and March 2, 2022 to remind him of the status conference and to advise him of the risk of dismissal, but did not receive a response from Plaintiff or any response that the emails were undeliverable. (*Id.*) Counsel also called Plaintiff immediately prior to the status conference at the two numbers listed on the docket. (*Id.*) One of the numbers was not in service, and Defendants' counsel

4

left a voicemail on the other. (*Id.*) Counsel stated that Defendants have not had contact with Plaintiff since September 30, 2021, when the Summary Judgment Order was issued.[4] (*Id.*) The Court ordered Plaintiff to show cause why his case should not be dismissed for failure to prosecute under Rule 41(b), given his failure to appear for two status conferences at which he was ordered to appear. (*Id.*) A show cause hearing by telephone was scheduled for April 4, 2022, and Plaintiff was ordered to file any written submission in response to the Show Cause Order no later than March 28, 2022. (*Id.*)

Defendants emailed and mailed a copy of the Show Cause Order to Plaintiff on March 4, 2022. (Dkt. 106.) In cover letters accompanying both transmissions of the order, Defendants' counsel informed Plaintiff of the hearing date and deadline for submission of his written submission, and warned him that "[f]ailure to do so may result in the dismissal of your lawsuit." (Dkts. 106, 106-3.)

The Court also mailed a copy of the Show Cause Order to Plaintiff. (*Id.*)

Plaintiff did not respond to the Show Cause Order and did not appear at the Show Cause Hearing on April 4, 2022. (Minute Entry dated Apr. 4, 2022 ("Apr. 4 Minute Entry").) Defendants' counsel stated that on April 1, 2022, he called Plaintiff at the telephone number listed on the docket and left a voicemail reminding him of the Show Cause Hearing and that "[t]he greeting at that phone number identified it as Plaintiff's." (*Id.*) Defendants also sent Plaintiff an email at his last known email address, from which they did not receive a response that it was undeliverable, and mailed a copy of the Show Cause Order to Plaintiff's home address. (*Id.*) Plaintiff did not respond. (*Id.*) Defendants stated that they would contact NYCHA's human resources department to determine if benefits had been sent to Plaintiff at an address not known to the Court or Defendants. (*Id.*) In light of Plaintiff's continued non-appearance, the Court stated on the record that it would recommend that the matter be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). (*Id.*)

---

[4] Counsel representing Defendants at the conference entered appearances on November 18, 2021 and March 3, 2022, and made no reference to prior counsel's apparent conferral with Plaintiff prior to the filing of the First Motion to Adjourn Conference on October 26, 2021.

Defendants mailed and emailed a copy of the Apr. 4 Minute Entry to Plaintiff on April 5, 2022. (Dkt. 107.) Defendants stated that as of April 10, 2022, "Defendants have received no notification that any of their previous attempts to contact Plaintiff by mail or e-mail have been undeliverable." (*Id.* at 1.) They confirmed that "NYCHA's Human Resources Department has no record of any pension payouts or other benefits currently being paid to Plaintiff at his present address, or at any other address." (*Id.*) Defendants also noted that their counsel "has made independent efforts to contact Plaintiff by telephone to discuss the potentiality of settlement via mediation, judicial settlement conference, or less formal means of negotiation," but received no response from Plaintiff. (*Id.* at 2.)

Plaintiff has not appeared or responded to the Court.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), "If a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Even without a motion to dismiss from the defendant, the Court has "unquestioned . . . authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When a District Court contemplates a dismissal under Rule 41(b), it must consider the following factors, none of which is dispositive:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Courts have dismissed cases for failure to prosecute, where, for example, Plaintiff was inactive for an extended period. *See Kenny v. Potter*, No. 05-CV-1415 (KAM)(JMA), 2011 WL 613346, at *3

6

(E.D.N.Y. Jan. 24, 2011) (dismissing after "six months of inactivity on the docket" and where plaintiff's counsel could not contact plaintiff), *R&R adopted*, 2011 WL 646919 (E.D.N.Y. Feb. 11, 2011); *Rafaniello v. Travelers Cas. Co.*, No. 14-CV-3385 (NGG)(MDG), 2016 WL 4991544, at *2 (E.D.N.Y. Feb. 22, 2016) (dismissing where plaintiffs "have not filed any documents or taken any action indicating any interest in pursuing [their] claims" despite multiple orders, warnings and attempts to call them), *R&R adopted*, 2016 WL 5061112 (E.D.N.Y. Sept. 16, 2016); *Robinson v. Sposato*, No. 13-CV-3334 (JFB)(WDW), 2014 WL 1699001, at *2 (E.D.N.Y. April 24, 2014) (dismissing where plaintiff failed to "timely file a new complaint, as directed by the Court, or otherwise communicate[ ] with the Court"). Courts should give *pro se* plaintiffs special leniency on procedural matters. *LeSane*, 239 F. 3d at 209 (2d Cir. 2001).

Plaintiff initially prosecuted the case vigorously—despite being unrepresented—by opposing the motion to dismiss, engaging in discovery, conducting depositions, participating in mediation and settlement discussions, and opposing the motion for summary judgment. Plaintiff was partially successful in defending against dismissal of his claims on summary judgment.

However, since approximately October 2021, shortly after the Court entered the Summary Judgment Order, Plaintiff has been unresponsive to the Court's and Defendants' counsel's efforts to contact him. Plaintiff last had contact with the Court on October 12, 2021, when he called the undersigned's chambers *ex parte*, stating that he had received the Summary Judgment Order and asking what to do next. Since then, despite being ordered to do so and being mailed orders scheduling conferences, Plaintiff has failed to appear at a status conference on January 21, 2022, a status conference on March 4, 2022, and a Show Cause Hearing on April 4, 2022.

There is no indication that Plaintiff did not receive the mailings to his home address. The Court mailed the Oct. 13 Scheduling Order to Plaintiff at the same address where he told the Court one day earlier that he had received the Summary Judgment Order. It is apparent that Plaintiff also

7

received the Oct. 13 Scheduling Order, because counsel for Defendants conferred with him and obtained consent to adjourn the conference referenced in that order.

None of the Court's mailings to Plaintiff were returned as "undeliverable."

Defendants' efforts to reach Plaintiff have been similarly unavailing. Defendants mailed and emailed a copy of the Court's various orders to Plaintiff's last known address and filed proof of service. None of Defendants' mailings or emails were returned. (Dkt. 107.)

Plaintiff also did not respond to any of the numerous telephone calls placed to his working number, despite a voicemail greeting identifying one of the numbers as belonging to him.

Thus, Plaintiff has not communicated with the Court or Defendants for at least sixteen months, since he first failed to appear at the January 21, 2022 status conference.

The Court warned Plaintiff twice of the possibility that his case would be dismissed for failure to prosecute if he failed to appear at Court conferences or respond to Court orders. (*See* Jan. 21 Order; Show Cause Order.) Despite being informed of the Show Cause Hearing by mail, email, and voicemail, Plaintiff did not appear by telephone or explain in writing why the action should not be dismissed. (Apr. 4 Minute Entry.) At the Show Cause Hearing and in the minute entry describing the hearing, which was subsequently mailed to Plaintiff, the Court indicated its intention to recommend that the case be dismissed. (*Id.*)

This case has been pending against Defendants for more than seven years, and they will likely be prejudiced by further delay. *Kenny* at *3 ("because plaintiff has a duty of due diligence to move her case forward, and has failed to do so, prejudice to the defendants may be presumed") (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir.1982)).

A balance of the Court's interest in managing its docket against any interest Plaintiff may have in receiving further opportunities to be heard weighs in favor of dismissal. The Court does not speculate as to why Plaintiff would abandon his case after so many years of litigation and on the cusp

8

of trial. However, the Court, mindful of Plaintiff's *pro se* status, has given him numerous opportunities to continue litigating the case to completion and taken additional steps to ensure that he is aware of Court proceedings and deadlines, including by mailing him notices and by directing Defendants to call Plaintiff prior to and during conferences. Defendants have also attempted, unsuccessfully, to locate an alternative address for Plaintiff. Notwithstanding these efforts, Plaintiff has failed to appear at Court proceedings or communicate with the Court or Defendants.

I have also considered whether lesser sanctions would be effective in addressing Plaintiff's inaction at this stage of the case, but find none in light of the circumstances.

Accordingly, I find that all five factors weigh in favor of dismissal under Rule 41(b).

If Plaintiff is interested in continuing to litigate this case to trial, this Report and Recommendation affords him one last chance to object to dismissal of his case with prejudice.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the Amended Complaint be dismissed with prejudice.

Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

SO ORDERED:

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:   June 5, 2023
         Brooklyn, New York