UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------

IVAN L. CHERRY,

                              Plaintiff,                          **ORDER**
                                                                               15-CV-6949 (MKB) (PK)

                     v.

NYC HOUSING AUTHORITY and MARIE
BAZELAIS,

                              Defendants.

------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Ivan Cherry, proceeding pro se, commenced the above-captioned action on December 3, 2015 against the New York City Housing Authority ("NYCHA"), Bob Agbai, Fatima Turner, and Marie Bazelais. (Compl. Docket Entry No. 1.) Plaintiff filed an Amended Complaint on March 3, 2016, asserting claims of discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 42 U.S.C. § 12101 *et seq.* (the "ADEA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* (the "NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* (the "NYCHRL"), and a claim that he was deprived of his Fourteenth Amendment due process rights in violation of 42 U.S.C. § 1983. (Am. Compl., Docket Entry No. 14.) On September 29, 2017, the Court dismissed (1) Plaintiff's claims against Turner and Agbai; (2) Plaintiff's ADEA and due process claims; and (3) Plaintiff's Title VII claim against Bazelais. (Mem. & Order dated Sept. 29, 2017, Docket Entry No. 33.) On December 20, 2017, Magistrate Judge Peggy Kuo referred this case to the EDNY-Court Annexed mediation, (Order dated Dec. 20, 2017),

where Plaintiff was represented by counsel, (Notice of Limited Appearance, Docket Entry No. 42). On March 16, 2018, counsel for NYCHA and Bazelais informed the Court that mediation had been unsuccessful. (Defs.' Letter, Docket Entry No. 44.) On September 30, 2021, the Court granted in part and denied in part Defendants' motion for summary judgment. The Court granted the motion as to Plaintiff's (1) Title VII and NYSHRL gender discrimination claims based on the assignment of non-secretarial work, the issuance of counseling and instructional memoranda, and his termination; (2) NYCHRL gender discrimination claim based on the assignment of non-secretarial work and his termination; and (3) Title VII, NYSHRL, and NYCHRL retaliation claims ("September 2021 Decision"). (Sept. 2021 Decision, Docket Entry No. 99.) The Court denied the motion as to Plaintiff's (1) gender-based discrimination claim under Title VII, the NYSHRL, and the NYCHRL with regards to Defendants' failure to pay overtime and assignment of a disproportionately heavy workload; (2) disability-based discrimination claims in violation of the NYSHRL and the NYCHRL; (3) gender-based hostile work environment claims in violation of Title VII, the NYSHRL, and the NYCHRL; (4) sexual orientation-based hostile work environment claims in violation of the NYSHRL and the NYCHRL; (5) disability-based hostile work environment claims in violation of the NYSHRL and the NYCHRL; and (6) gender-based discrimination claim under the NYCHRL with regard to the counseling memorandum dated July 29, 2011. (*Id.*)

Following the September 2021 Decision, Plaintiff failed to attend two status conferences before Judge Kuo on January 21, 2022, (Min. Entry dated Jan. 21, 2022), and March 3, 2022, (Min. Order dated Mar. 3, 2022). Judge Kuo then ordered "Plaintiff to show cause why this action should not be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." (Min. Order dated Mar. 3, 2022.) On April 4, 2022, Judge Kuo held a Show

Cause Hearing which Plaintiff failed to attend. (Min. Entry dated Apr. 4, 2022.) On June 5, 2023, Judge Kuo issued a sua sponte report and recommendation recommending the dismissal of the action for failure to prosecute (the "R&R"). (R&R, Docket Entry No. 110.)

No objections to the R&R have been filed and the time for doing so has passed.

## I. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328

3

F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).  The Court dismisses the case for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 41(b).

## II. Conclusion

Accordingly, the Court adopts the R&R and dismisses the case for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The Clerk of Court is respectfully directed to close this case.

Dated: September 1, 2023
      Brooklyn, New York

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge